IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTIAN FRANKLIN,**

    **Plaintiff,**

v.                                     Civil Action No. 3:24cv287

**LOUIS DEJOY,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Christian Franklin's Second Amended Complaint. (ECF No. 5.) On April 18, 2024, Mr. Franklin filed his application to proceed *in forma pauperis* (the "Application"), along with unmarked attachments, a Complaint, and a Local Rule 83.1 Certification. (ECF Nos. 1, 1-1, 1-2, 1-3.)

On April 29, 2024, this Court provisionally granted Mr. Franklin's Application, (ECF No. 1), permitting him to proceed without paying the Court's filing fee. (ECF No. 2, at 1.) The Court reviewed Mr. Franklin's proffered Complaint, (ECF No. 1-2), and determined that it offends Federal Rule of Civil Procedure 8 (which requires a short and plain statement of the grounds for this Court's jurisdiction and the Plaintiff's claims for relief). (ECF No. 2, at 1.) The Court identified specific ways in which the proffered Complaint offends Rule 8 and directed Mr. Franklin to file an Amended Complaint, providing detailed instructions on how Mr. Franklin could ensure that his Amended Complaint comports with Rule 8. (ECF No. 2, at 1–2.) The Court advised Mr. Franklin that "the failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE[.]" (ECF No. 2, at 2 (emphasis in original) (citing Fed. R. Civ. P. 41(b)).)

On May 24, 2024, Mr. Franklin timely filed an Amended Complaint. (ECF No. 4.) Four days later, without requesting leave pursuant to Federal Rule of Civil Procedure 15(a)(2),[1] Mr. Franklin filed a Second Amended Complaint. (ECF No. 5.) Mr. Franklin explains that "[t]he document filed on 05/24/2024 was a rough draft [he] printed out by mistake." (ECF No. 5, at 8.) Mr. Franklin's Second Amended Complaint adds one count. (*Compare* ECF No. 4 *and* ECF No. 5.) Count III of the Second Amended Complaint, the new count, alleges intentional infliction of emotional distress. (ECF No. 5, at 5.)

Mr. Franklin is not permitted to file a Second Amended Complaint without seeking leave of the Court. *See* Fed. R. Civ. P. 15(a). Nevertheless, out of deference to Mr. Franklin's *pro se* status and because it finds that justice so requires, the Court will grant him leave to file *nunc pro tunc* a Second Amended Complaint. Because Mr. Franklin explained that he submitted the Amended Complaint "by mistake", the Court will again defer to his *pro se* status and treat the Second Amended Complaint, (ECF No. 5), as the operative complaint in this action.

The Court will dismiss Mr. Franklin's Second Amended Complaint because it does not comply with the clear instructions set forth in the Court's April 29, 2024 Order. (ECF No. 2.) Specifically, the Second Amended Complaint, which is difficult to decipher, (1) does not clearly

---

[1] Rule 15 states, in pertinent part:

(a) AMENDMENTS BEFORE TRIAL.

> (1) *Amending as a Matter of Course.* A party may amend its pleading *once* as a matter of course . . . [.]
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)–(2) (emphasis added).

2

"set forth . . . a short statement of the facts giving rise to his claims for relief;" (2) does not "explain why he believes each defendant is liable to him . . . [and] reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion;" and, (3) does not "omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact." (ECF No. 2, at 1–2.)

Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1992) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissal under Federal Rule 41(b)).

Accordingly, Mr. Franklin's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 5.)

An appropriate Order shall issue.

It is SO ORDERED.

Date: 8/21/24
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge